IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KERRI WILLIAMS                                                               PLAINTIFF

v.                      CIVIL NO. 22-5046

KILOLO KIJAKAZI, Acting Commissioner
Social Security Administration                                        DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Kerri Williams, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed her current applications for DIB and SSI on May 5, 2020, alleging an inability to work since September 9, 2019, due to depression, anxiety, tinnitus, hyperthyroid, Epstein Barr and chronic fatigue. (Tr. 53, 211, 218). An administrative telephonic hearing was held on March 31, 2021, at which Plaintiff appeared with counsel and testified. (Tr. 28-50).

By written decision dated May 25, 2021, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 14). Specifically, the ALJ found Plaintiff had the following severe impairments: tinnitus, sensorineural

1

hearing loss, and a history of Epstein Barr. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 16).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except with additional limitations. The claimant is unable to perform work requiring excellent hearing. The claimant is unable to perform work requiring exposure to hazards, such as ladders, ropes, scaffolds, moving mechanical parts, unprotected heights, deep water and open flames.

(Tr. 16-17). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a hand packager, a patient transporter, and a cook helper. (Tr. 21).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on January 11, 2022. (Tr. 1-5).  Subsequently, Plaintiff filed this action. (ECF No. 2).  Both parties have filed appeal briefs, and the case is before the undersigned for report and recommendation.  (ECF Nos. 14, 15).

The Court has reviewed the entire transcript.  The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

## II.     Applicable Law:

The Court reviews "the ALJ's decision to deny disability insurance benefits *de novo* to ensure that there was no legal error that the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin,* 825 F. 3d 936, 939 (8th Cir. 2016). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015).  As long as there is substantial evidence

in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. *Id*.

**III.     Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. (ECF No. 14). Plaintiff claims the following issues on appeal: A) The ALJ failed to comply with 20 C.F.R. § 404.1520(c) in evaluating the severity of Plaintiff's trigger fingers and corresponding functional impairments; B) The ALJ erred in evaluating Plaintiff's subjective complaints as her findings are not based on legally adequate reasoning and substantial evidence; and C) The ALJ erred when she identified Plaintiff's adjustment disorder with anxiety and depression to be a non-severe medically determinable impairment causing limitations, but failed to account for such limitations in Plaintiff's RFC. (ECF No. 14, p. 3). Defendant argues the ALJ properly considered all the evidence, and the decision is supported by substantial evidence. (ECF No. 15).

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen*, 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "slight abnormalities that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert*, 482 U.S. 137, 155 (1987) (O'Connor, S., concurring); *see also Brown v. Bowen*, 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). *See also Kirby v. Astrue*, 500 F.3d 705, 707-09 (8th Cir. 2007).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low standard. *See Nicola v. Astrue*, 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and hold that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If

the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola*, 480 F.3d at 887.

A review of the record revealed that prior to her alleged onset date, Plaintiff sought treatment for trigger finger of the fourth and fifth fingers on her left hand and subsequently underwent a trigger release of the fifth finger and therapy. (Tr. 331-359). Therapy notes dated July 29, 2019, completed by Paul S. Cooper, OTR/L, CHT., indicated Plaintiff had the following functional limitations, "Fine hand uses: Picking Up, Grasping, Manipulating, Releasing." (Tr. 331). On the same date, an evaluation record for a permanent impairment indicated that due to Plaintiff's above referenced trigger fingers on the left hand, she had a permanent total hand impairment of 3% of the body as whole. (Tr. 330). On July 29, 2020, Plaintiff, who is left-hand dominant, reported she continued to have trouble with gripping, grasping, twisting and repetitive motions. (Tr. 526). At the administrative hearing before the ALJ on March 31, 2021, Plaintiff testified she continued to have problems with grasping and dropping items with her left hand. (Tr. 44). The ALJ did not consider any limitations related to Plaintiff's alleged left-hand impairment and found she could perform medium work that requires the ability to grasp, hold and turn objects. SSR 83-10, 1983 WL 31251, at *6 (S.S.A. 1983).

Based upon the foregoing, the Court finds the ALJ erred in finding Plaintiff's left-hand impairment did not meet the low or *de minimis* standard for a "severe impairment." Thus, this case must be reversed and remanded.

### IV. Conclusion:

Based on the foregoing, the undersigned recommends reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have fourteen days from receipt of our report and**

**recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of June 2023.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE